**UNITED STATES of America ex rel. Teodora ROSAS, Petitioner,**

v.

**William O'SULLIVAN, Warden, Western Illinois Correctional Center, Respondent.[1]**

**No. 97 C 3750.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 10, 1998.

---

1. Mr. Rosas named James E. Ryan, Attorney General of Illinois, as a defendant. Mr. Ryan is dismissed as an improper defendant pursuant to *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir.1996).

Teodora Rosas, Galesburg, IL, pro se.

Rebecca Zavett, Asst. Atty. Gen., Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Teodora Rosas, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to challenge the revocation of his probation on two counts of burglary. William O'Sullivan ("Respondent") moves to dismiss the petition as untimely. For the following reasons, the motion is denied.

### Statute of Limitations

■ On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA establishes a one-year statute of limitations for all habe-

as petitions brought under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The Seventh Circuit has provided a one-year grace period from the enactment of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 865–66 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Since Mr. Rosas filed his habeas petition on April 30, 1997, the statute of limitations applies to his case. (Habeas Petition at 9). The statute of limitation began to run from the date Mr. Rosas' conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations was tolled, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending . . . ." 28 U.S.C. § 2244(d)(2).

■ The Respondent argues Mr. Rosas' conviction became final on June 11, 1992, at the time his probation was revoked, and that Mr. Rosas did not file his first post-conviction petition until July 13, 1993.[2] Thus, the Respondent argues, the one-year statute of limitations bars Mr. Rosas' habeas petition. The Respondent's argument suffers from serious evidentiary flaws and appears to misstate the record. As an initial matter, the Respondent has not offered evidence that Mr. Rosas' probation was revoked or that he was sentenced on June 11, 1992. The Illinois Appellate Court order Respondent cites for this proposition merely states Mr. Rosas was sentenced "in June, 1992." (Resp. Ex. A at 2). Additionally, the statute of limitations does not begin to run until "the date on which judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review,"* whichever is later. 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Illinois law permits a defendant whose probation has been revoked at least thirty days to file a notice of appeal. Ill. S.Ct. R. 606(b). Thus, even if Mr. Rosas was sentenced on June 11, 1992, he had, at a minimum, an additional thirty days before the statute of limitations began to run.[3]

2. Conduct that occurred before the date of the AEDPA's enactment applies toward the one-year statute of limitations. *United States ex rel.*

*Vaughn v. McVicar,* No. 97 C 4197, 1998 WL 26162, at *3 (N.D.Ill. Jan. 21, 1998).

3. Mr. Rosas admits he did not perfect a direct

Further, there is evidence in Mr. Rosas' petition for habeas corpus that he had appellate counsel on direct review, that appellate counsel withdrew, that Mr. Rosas filed a motion in opposition to his counsel's motion to withdraw, that Mr. Rosas filed a motion for an extension of time to file an appellate brief,[4] but that both of Mr. Rosas' motions were denied. (Habeas Petition at 2 ¶ 4). There are no dates presented by either party indicating when these events occurred. It is possible, however, that these motions extended the pendency of Mr. Rosas' appeal beyond the thirty days provided by statute and thus, changed the day the statute of limitations began to run.

Also, Respondent incorrectly states Mr. Rosas filed a petition for post-conviction relief on July 13, 1993. The Illinois Appellate Court order summarizing the events of this case and Mr. Rosas' habeas petition both indicate Mr. Rosas filed his state post-conviction petition on June 13, 1993. (Resp. Ex. A at 2; Habeas Petition at 2 ¶ 5). Thus, Respondent's argument that the one-year statute of limitations expired between the time Mr. Rosas' conviction became final and the time he filed his first petition for post-conviction relief is not well taken. At the earliest, the statute of limitations began to run on July 11, 1992, and was tolled on June 13, 1993, within the one-year statute of limitations.

Mr. Rosas' petition for post-conviction relief was denied on October 7, 1993. (Habeas Petition at 2 ¶ 6). Since that time Mr. Rosas has filed at least two motions to reconsider, an appeal to the Illinois Appellate Court, and two petitions to the Illinois Supreme Court. All have been rejected. It is possible that at different times between October 7, 1993, and April 30, 1997, Mr. Rosas did not have petitions for post-conviction relief or collateral review pending and thus, the statute of limitations was running, perhaps eclipsing the one-year period Mr. Rosas had to file this habeas petition. *See Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997) (finding statute of limitations runs while prisoner has no state petitions for collateral review pend-

ing). Still, with the evidentiary materials provided by Respondent, it is impossible to discern exactly when Mr. Rosas had state petitions for collateral review pending and when he did not. The Respondent only attaches an August 6, 1996 order from the Illinois Appellate Court which summarizes the procedural history of Mr. Rosas' case, but does so without the detail required to determine exactly when Mr. Rosas filed petitions and motions and when the Illinois courts ruled on the petitions and motions. Additionally, the only statute of limitations argument the Respondent offers deals with the time between Mr. Rosas' sentencing and his filing of the petition for post-conviction relief on June 13, 1993. Respondent has offered no other argument that the statute of limitations was running or expired at another time.

*Conclusion*

The Respondent has offered insufficient evidence to conclude Mr. Rosas' petition for habeas corpus is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Accordingly, Respondent's motion to dismiss is denied.

---

appeal to the Illinois Appellate Court. (Habeas Petition at ¶ 4). The fact Mr. Rosas never completed his appeal does not alter the time Mr. Rosas had to make the appeal.

4. The Illinois Supreme Court Rules allow, in certain circumstances, an appellate court to grant extensions of time to file an appeal. Ill. S.Ct. R. 606(c).