Risto BECKOVICH, Petitioner,

v.

Ralph COYLE, Respondent.

No. 1:97 CV 1441.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 15, 1998.

Risto Bekovich, Mansfield, OH, pro se.

Lillian B. Earl, Office of the Assistant Attorney General, Cleveland, OH, for Respondent.

## MEMORANDUM OF OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WELLS, District Judge.

This case is before the Court upon Risto Bekovich's *pro se* petition for writ of habeas

corpus (docket no. 1). The case was referred to United States Magistrate Judge David S. Perelman on June 9, 1997 (docket no. 5). In a report and recommended decision ("R & R") issued on June 30, 1998, Magistrate Judge Perelman recommended the petition be dismissed without further proceedings (docket no. 16). Mr. Beckovich filed objections to the R & R on July 30, 1998 (docket no. 18). Respondent has not objected to the R & R or responded to Mr. Beckovich's objections. Mr. Beckovich's objections to the R & R shall be considered in turn.

*A.   Statute of Limitations*

Mr. Beckovich first argues the Magistrate Judge was incorrect to conclude Mr. Beckovich failed to file his habeas corpus petition within the applicable statute of limitations. He does not dispute Magistrate Judge Perelman's conclusion the statute of limitations ran out on April 24, 1997. Nor does he dispute the Clerk of this Court received both his petition for a writ of habeas corpus and his motion to proceed in forma pauperis after that date. Nonetheless, Mr. Beckovich argues he filed these documents before April 24, 1997.

By affidavit attached to his objections to the Magistrate Judge's report, Mr. Beckovich states he delivered his petition for writ of habeas corpus and his motion to proceed in forma pauperis to the mailing officials at the Mansfield Correctional Institution on April 18, 1997. Citing *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), Mr. Beckovich argues his petition must be regarded as "filed" on that date.[1] In *Houston v. Lack,* the Court held notices of appeal filed by *pro se* prisoner litigants are "filed" at the time they are delivered to prison officials for mailing to the district court. Mr. Beckovich would have this Court extend *Houston v. Lack,* so his habeas corpus petition would be deemed filed on April 18, 1997, six days before the statute of limitations ran.

Most courts considering this issue agree with Mr. Beckovich. *See. e.g., Spotville v.*

*Cain,* 149 F.3d 374 (5th Cir.1998) (applying *Houston v. Lack* to the filing of habeas corpus petitions); *Burns v. Morton,* 134 F.3d 109 (3d Cir.1998) (extending *Houston v. Lack* to cover filing of habeas corpus petitions); *Peterson v. Demskie,* 107 F.3d 92 (2d Cir. 1997) (suggesting in dicta *Houston v. Lack* should be so extended); *Nichols v. Bowersox,* —— F.3d ——, No. 97–3639, 1998 WL 151380 (8th Cir. Apr.3, 1998) (decision, which was vacated and a petition for rehearing en banc granted on May 19, 1998, applied *Houston v. Lack* to the filing of habeas corpus petitions, despite Eighth Circuit precedent limiting the rule of *Houston v. Lack* to filing notices of appeal); *United States ex rel. Gonzalez v. DeTella,* 6 F.Supp.2d 780 (N.D.Ill.1998) (citing many cases extending *Houston v. Lack* beyond filing notices of appeal); *Bailey v. Gilmore,* 5 F.Supp.2d 587, 588–89 (N.D.Ill. 1998); *United States ex rel. Barnes v. Gilmore,* 987 F.Supp. 677 (N.D.Ill.1997) (extending *Houston v. Lack* to the filing of habeas corpus petitions, and criticizing unpublished authority for not doing so); *but see Jackson v. Nicoletti,* 875 F.Supp. 1107, 1111–14 (E.D.Pa.1994) (concluding *Houston v. Lack* does not apply to filing of complaints by *pro se* prisoners).

While the Sixth Circuit Court of Appeals has not explicitly reached this issue, it is not unfriendly to extending the rule of *Houston v. Lack* to *pro se* in forma pauperis prisoner litigants. *See. e.g., McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir.1997) (applying *Houston v. Lack* to motions for extension of time to correct deficiencies regarding in forma pauperis status); *In re Sims,* 111 F.3d 45 (6th Cir.1997) (stating in dicta a motion to file a second or successive habeas corpus petition shall be deemed filed when given to prison mailing authorities for purposes of one year statute of limitations).

The main rationale behind the "mailbox rule" of *Houston v. Lack* and cases extending it is "pro se prisoners have no control over delays between the prison authorities' receipt of the notice [of appeal] and its filing, and their lack of freedom bars them from deliver-

---

**1.** Mr. Beckovich did not present this argument to Magistrate Judge Perelman. Nonetheless, this Court must consider it as part of a de novo

review. *See Ivy v. Secretary of Health & Human Servs.,* 976 F.2d 288 (6th Cir.1992); *United States v. George,* 971 F.2d 1113, 1118 (4th Cir.1992).

ing the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. at 273–74, 108 S.Ct. 2379. This reasoning applies with equal force to the filing of habeas corpus petitions. *See. e.g.*, *Spotville*, 149 F.3d at 377. Because of this, and because the overwhelming weight of authority agrees, the Court concludes the mailbox rule of *Houston v. Lack* should be applied to the filing of habeas corpus petitions by *pro se* prisoners.

■ Under *Houston v. Lack*, Mr. Beckovich is deemed to have filed his petition on April 18, 1997—the date he gave it to the prison mailing authorities. The statute of limitations did not run until April 24, 1997. The habeas corpus petition was therefore filed within the statute of limitations. Therefore, the Court need not review Magistrate Judge Perelman's conclusion the statute of limitations was not tolled when Mr. Beckovich filed an application for reopening his appeal.

## B. Procedural Default in State Court

Mr. Beckovich next argues Magistrate Judge Perelman incorrectly concluded there was an independent and adequate state ground for the state court decision due to procedural default. Further, argues Mr. Beckovich, even if there was a procedural default, the Magistrate Judge incorrectly decided Mr. Beckovich had not met the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Court need not decide this issue because, regardless of the result, eventually the Court would have to apply the same test.

If the Court were to conclude there was no procedural default in the state court, it would then reach the merits of Mr. Beckovich's claim he was denied the effective assistance of appellate counsel due to attorney error in the 1986 direct appeal of his conviction. If, on the other hand, the Court were to conclude there was a procedural default, it would then have to consider whether Mr. Beckovich had met the cause and prejudice standard of *Wainwright v. Sykes*. As Magistrate Judge Perelman points out, and Mr. Beckovich does not dispute, the standard for determining

adequate "cause" for a procedural default and the standard for determining whether counsel was constitutionally ineffective due to attorney error are the same. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir.1994). Therefore the Court will turn to the merits of Mr. Beckovich's ineffective assistance of counsel claim.

## C. Ineffective Assistance of Counsel

Mr. Beckovich's first argument on the merits is he was denied ineffective assistance of appellate counsel. Mr. Beckovich waived his right to a jury in his 1985 criminal trial, but a written waiver was not filed with the court. Over ten years later, in *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (Ohio 1996), the Supreme Court of Ohio held a waiver of a defendant's right to jury trial would not be effective under Ohio Rev.Code § 2945.05 until a written form was filed with the court. Mr. Beckovich argues his 1986 appellate counsel should have anticipated this 1996 holding of the Supreme Court of Ohio, and asserted as a basis for reversal of his conviction that a written waiver was not filed with the trial court.

■ To show ineffective assistance of counsel, Mr. Beckovich must prove (1) counsel's performance was deficient, and (2) the deficient performance prejudiced Mr. Beckovich's defense (or appeal). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a "strong presumption" counsel's assistance was not deficient and the court must make "every effort ... to eliminate the distorting effects of hindsight." *Id.* at 689, 104 S.Ct. 2052. Further, counsel need not be perfect, only "reasonably effective." *Id.* at 693, 104 S.Ct. 2052.

■■ Mr. Beckovich's appellate counsel's performance was not deficient. As the Magistrate Judge stated, counsel's performance is "deficient" only if his or her errors are so egregious that there was no "counsel" as guaranteed by the Sixth Amendment. *Id.* Mr. Beckovich's counsel's failure to anticipate a decision which would not be made for

another ten years is not "deficient" under this standard.

In his objections to the R & R, Mr. Beckovich does not dispute this conclusion. Rather, he claims Ohio law as it existed in 1986 required the filing of a written statement to waive a defendant's right to jury trial. Mr. Beckovich relies mainly on *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (Ohio 1979), and also cites many state appellate court decisions decided before 1986. In *Tate*, the defendant made a written demand for jury trial, but then stood by silently as the case was tried to the court. *Id.* at 739. The Supreme Court of Ohio held that it was reversible error for a trial court to proceed without a jury, once a jury trial had been demanded, unless the prerequisites of Ohio Rev.Code § 2945.05 had been met. That statute requires the waiver to "be in writing, signed by the defendant, and filed in said cause and made part of the record thereof."

In *Tate*, however, the waiver was not written and was not made part of the record. Likewise, the problem in the other cases decided before Mr. Beckovich's trial was the waiver was not written, or not made at all. In this case, by contrast, the waiver was written and the trial court issued a journal entry indicating the waiver had been made. Thus the waiver became part of the record. The only part of Ohio Rev.Code § 2945.05 which was not met in Mr. Beckovich's trial was filing the written document with the court. No pre–1986 decision cited by Mr. Beckovich faced that factual situation. Thus it was reasonable for Mr. Beckovich's appellate counsel not to present that claim on appeal. It took the Supreme Court of Ohio another ten years to decide actually filing the waiver was a jurisdictional requirement to holding a bench trial. Moreover, even under the modern strict interpretation approach to § 2945.05 epitomized by *State v. Pless, supra*, the Supreme Court of Ohio will creatively construe the term "file." *See State ex rel. Larkins v. Baker*, 73 Ohio St.3d 658, 653 N.E.2d 701 (Ohio 1995) (concluding writ of habeas corpus will not lie, even though jurisdictional requirements of § 2945.05 had not strictly been met, when the written waiver was placed in court's case file but not filed stamped).

For these reasons, the Court concludes Mr. Beckovich's ineffective assistance of counsel claim lacks merit.

### D. Trial Court's Lack of Jurisdiction

Mr. Beckovich's final claim is that, due to the ruling in *State v. Pless, supra*, the state trial court in 1986 lacked jurisdiction to try him without a jury because no written waiver was filed with the court. In other words, Mr. Beckovich argues *State v. Pless* must be applied retroactively. Magistrate Judge Perelman concluded this is a state law issue, and therefore not justiciable via writ of habeas corpus. Mr. Beckovich admits whether the trial court had jurisdiction is an issue of state law, but argues *Pless* conclusively decided the trial court did not have jurisdiction, and so his 1986 trial violated his right to due process of law under the Fourteenth Amendment. Thus, Mr. Beckovich concludes, there is a federal issue to be decided.

This due process claim was not raised in Mr. Beckovich's application to reopen his appeal in state court, it is not mentioned in the petition for writ of habeas corpus, and it was not argued in front of Magistrate Judge Perelman. Therefore, this Court may not decide it unless Mr. Beckovich can meet the cause and prejudice standard of *Wainwright v. Sykes*. *See Rust v. Zent*, 17 F.3d at 160. Mr. Beckovich cannot meet this standard; there was nothing keeping him from asserting the due process issue in the application to reopen his appeal in state court.

### E. Conclusion

For the reasons above, Magistrate Judge Perelman's R & R is adopted, except for its conclusion the petition was filed outside the statute of limitations. Mr. Beckovich's petition for a writ of habeas corpus is denied.

A request for a certificate of appealability is governed by 28 U.S.C. § 2253(c). That section provides in relevant part:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal

may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;

. . .

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In this case, Mr. Beckovich has not made a "substantial" showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability will not be issued.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*JUDGMENT ENTRY*

The Court, for the reasons stated in its memorandum of opinion and order adopting Magistrate Judge David S. Perelman's report and recommended decision, dismisses petitioner Risto Beckovich's application for a writ of habeas corpus. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253(c).