**David HUDSON, Petitioner,**

v.

**Kurt JONES, Respondent.**

No. 98–CV–71756–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 5, 1999.

Jeanice Dagher–Margosian, Ann Arbor, MI, for petitioner.

Laura G. Moody, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING AN ANSWER TO THE HABEAS PETITION

COHN, District Judge.

### I. Introduction

This is a habeas corpus action under 28 U.S.C. § 2254. The habeas petition and ex- hibits allege that, on April 11, 1985, petition- er was convicted in Wayne County, Michigan of first-degree felony murder, armed rob- bery, and possession of a firearm during the commission of a felony. On April 24, 1985, the trial court vacated the armed robbery conviction on double jeopardy grounds and sentenced petitioner to life in prison for the murder conviction and two years in prison for the felony firearm conviction. On Sep- tember 16, 1986, the Michigan Court of Ap- peals affirmed petitioner's conviction, and on January 26, 1987, the Michigan Supreme Court denied petitioner's request for leave to appeal or other relief.

Petitioner subsequently filed a motion for relief from judgment, which the trial court denied. On February 5, 1996, petitioner filed a delayed application for leave to appeal the trial court's order. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act" or "the AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, was en- acted. On May 22, 1996, the Michigan Court of Appeals denied petitioner's application for leave to appeal. On July 17, 1996, petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, and on April 25, 1997, the Michigan Supreme Court de- nied leave to appeal.

On April 23, 1998, petitioner filed the pending habeas petition alleging ineffective assistance of counsel, prosecutorial miscon- duct, evidentiary errors, and denial of his right to be present at trial and the right to an impartial jury. Currently before the Court is respondent's motion to dismiss the habeas petition on the ground that the peti- tion is barred by the one-year period of limitations found in 28 U.S.C. § 2244(d).

### II. Discussion

#### A. Respondent's Arguments

Respondent contends that petitioner wait- ed an unreasonably long time (two years after the AEDPA was enacted and one year after the conclusion of state court review) to file his habeas petition. Respondent notes that petitioner is represented by counsel and that petitioner's current attorney also repre-

sented petitioner in the Michigan Supreme Court on collateral appeal.

Respondent also contends that the habeas petition is barred by § 2244(d) because it was filed more than one year after the grace period accorded him. Respondent would toll the period of limitations only for the time during which petitioner had an actual application for leave to appeal pending in state court.

### B. The Statute of Limitations

■ The AEDPA governs this case because petitioner filed his habeas petition after the effective date of the Act. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.[1] *Duarte v. Hershberger,* 947 F.Supp. 146, 148 (D.N.J.1996); *Flowers v. Hanks,* 941 F.Supp. 765, 769 (N.D.Ind.1996).

■ Prisoners whose convictions became final before the AEDPA was enacted have been accorded one year from the effective date of the AEDPA to comply with the new limitations period. *Ross v. Artuz,* 150 F.3d 97, 100–01 (2nd Cir.1998) (collecting cases). Moreover, the period of limitations is tolled while a prisoner has a properly filed post-conviction proceeding under consideration. 28 U.S.C. § 2244(d)(2); *Gendron v. United States,* 154 F.3d 672, 675 n. 3 (7th Cir.1998).

### C. Analysis

Petitioner's conviction became final in 1987 when his direct appeal came to an end. Be-

cause his conviction became final before the AEDPA was enacted, the period of limitations began running on April 24, 1996, the effective date of the Act. *See Gendron,* 154 F.3d at 675. The period of limitations expired for petitioner one year later on April 24, 1997. *See Ross v. Artuz,* 150 F.3d at 103. Thus, the habeas petition, which was filed on April 23, 1998, is untimely unless the period of limitations was tolled for some reason.

Respondent acknowledges that the period of limitations must be tolled for the time during which a properly filed application for post-conviction or other collateral review is pending in state court. Petitioner's collateral appeal was pending in the Michigan Court of Appeals on April 24, 1996, when the AEDPA was enacted, and his application for leave to appeal was still pending in the Michigan Supreme Court one year later on April 24, 1997.

Respondent nevertheless argues that the period of limitations was not tolled during the intervals between: (1) the decision of the Michigan Court of Appeals on May 22, 1996, and the filing of petitioner's application for leave to appeal in the Michigan Supreme Court on July 17, 1996, a period of about 56 days; and (2) the decision of the Michigan Supreme Court on April 25, 1997, and the filing of the habeas petition on April 23, 1998. Therefore, argues respondent, even if petitioner is accorded a one-year grace period to file his petition, his petition is untimely because it was filed more than one year after the grace period given him.

■ The Court agrees that the tolling of the period of limitations stopped on April 25,

---

1. *See* 28 U.S.C. § 2244(d), which reads:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Su-

preme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (1996).

1997, when the Michigan Supreme Court completed its review of petitioner's collateral appeal. *See Lovasz v. Vaughn,* 134 F.3d 146, 149 (3rd Cir.1998) (concluding that the period of limitations in § 2244 tolled until the state's highest court denied leave to appeal a post-conviction petition). The more difficult question is whether the tolling of the statute continued from May 22, 1996, when the Michigan Court of Appeals denied leave to appeal, to July 17, 1996, when petitioner filed an application for leave to appeal in the Michigan Supreme Court.

Respondent's argument requires the Court to determine the meaning of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The specific question in this case is: "[D]oes section 2244(d)(2) allow a district court to count the time periods interspersed between the stages of post-conviction attack towards the one-year limitations period?" *Neal v. Ahitow,* 8 F.Supp.2d 1117, 1118 (C.D.Ill. 1998). The United States District Court for the Central District of Illinois answered this question in the negative. It concluded that "once a post-conviction relief petition is initially filed in State court then that petition is 'pending' for purposes of section 2244(d)(2) as long as the state court or the state post-conviction procedures allow for review." *Id.* at 1119–20. *See also Gendron,* 154 F.3d at 675 (concluding that the one-year statute of limitations was tolled until the state's highest court denied leave to appeal).

Pursuant to *Lovasz, Neal,* and *Gendron,* this Court concludes that the period of limitations was tolled in this case from April 24, 1996, the effective date of the AEDPA, until April 25, 1997, when the Michigan Supreme Court denied leave to appeal. Because petitioner filed his habeas petition less than one year later, on April 23, 1998, the habeas petition is timely.

### III. Conclusion

Petitioner's habeas petition is timely under 28 U.S.C. § 2244(d). Accordingly, the Court **DENIES** respondent's motion to dismiss and **ORDERS** respondent to file the state court record and an answer to the habeas petition within thirty days of the day of this order.