**Lorenzo MATTHEWS, Petitioner,**

v.

**Joseph ABRAMAJTYS, Respondent.**

**No. Civ.A. 98–CV–73319DT.**

United States District Court,
E.D. Michigan,
Southern Division.

March 9, 1999.

---

James S. Lawrence, Detroit, MI, for petitioner.

Laura G. Moody, Dept. of Atty. General, Lansing, MI, for respondent.

## MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND SETTING DEADLINE FOR RESPONSIVE PLEADING[1]

TARNOW, District Judge.

### I. Introduction

Petitioner Lorenzo Matthews, a state prisoner currently confined at the Ionia Maximum Facility in Ionia, Michigan,[2] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Petitioner was convicted of three counts of first degree murder and one count of felony firearm following a bench trial in the Recorder's Court for the City of Detroit. He was sentenced to three terms of life imprisonment and a consecutive term of two years imprisonment on September 4, 1986. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences on February 19, 1988. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 4, 1988.

Petitioner subsequently filed a motion for relief from judgment with the trial court, which was denied on September 27, 1995. On March 13, 1996, Petitioner filed an application for leave to appeal the denial of the motion for relief from judgment with the Michigan Court of Appeals, which was dismissed as defective on August 21, 1996.

On September 27, 1996, Petitioner filed another application for leave to appeal with the Michigan Court of Appeals, which was denied on March 13, 1997. On April 8, 1997, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on December 30, 1997.

Petitioner thereafter submitted a *pro se* petition for a writ of habeas corpus to this Court, which was received on July 28, 1998 and filed on August 3, 1998. Petitioner, represented by legal counsel, filed an amended petition for a writ of habeas corpus on December 7, 1998.

On December 21, 1998, Respondent filed a motion to dismiss the petition for a writ

---

1. Staff Attorney Cheryl Takacs Bell provided quality research assistance.

2. At the time the habeas petition was initially filed, Petitioner was confined at the Brooks Correctional Facility in Muskegon Heights, Michigan. Respondent Joseph Abramajtys is the warden at that facility.

of habeas corpus asserting that the petition was filed outside the one-year statute of limitations period established by 28 U.S.C. § 2244(d)(1). Petitioner filed a response to the motion to dismiss on January 12, 1999.

## II. *Discussion*

The effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 was April 24, 1996. The AEDPA governs the filing date for the habeas petition in this case because Petitioner filed his petition after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.[3] *Duarte v. Hershberger*, 947 F.Supp. 146, 148 (D.N.J. 1996); *Flowers v. Hanks*, 941 F.Supp. 765, 769 (N.D.Ind.1996). In most cases, a prisoner is required to file a federal habeas petition within one year of completing direct review of the habeas claims. *See* 28 U.S.C. § 2244(d)(1)(A).

██ Nevertheless, a statute of limitations may not arbitrarily extinguish existing rights. Instead, a statute of limitations must provide a litigant with a reasonable time after the statute takes effect to commence a suit on an existing cause of action. *Wilson v. Iseminger*, 185 U.S. 55, 62–63, 22 S.Ct. 573, 46 L.Ed. 804 (1902). Courts agree that prisoners should be given a "reasonable time" following the passage of the AEDPA to present accrued claims in a federal habeas corpus petition. *See United States v. Simmonds*, 111 F.3d 737, 745–46 (10th Cir.1997) (holding that applying the AEDPA's deadline for filing § 2255 motions was impermissibly retroactive because the movant had not been afforded a reasonable time to bring his claim); *Peterson v. Demskie*, 107 F.3d 92, 92 (2nd Cir.1997) ("a habeas corpus petitioner is entitled to a reasonable time after the effective date of the AEDPA to file a petition"). Most circuit courts considering the issue have determined that a prisoner should be accorded one year (the equivalent of the new limitations period) from the date that the AEDPA was enacted (April 24, 1996) to comply with the new limitations period. *See Calderon v. United States Dist. Court for the Central Dist. of California*, 128 F.3d 1283, 1287 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) ("[n]o petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with [2244(d)'s] time limit"); *Simmonds*, 111 F.3d at 746 ("the one-year limitations period ... is ... a reasonable time for prisoners to bring § 2255 motions whose

---

**3.** 28 U.S.C. § 2244(d) provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

convictions became final before the [AEDPA] took effect").

■ In this case, Petitioner's convictions became final before the AEDPA took effect on April 24, 1996. Thus, he would normally have been required to file his habeas application by April 24, 1997 to comply with the statute of limitations. The time during which a prisoner seeks collateral review of his or her conviction, however, does not count toward the limitations period. The relevant statute provides: "The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

■ In this case, Respondent acknowledges that the limitations period must be tolled when a properly filed application for collateral review is pending in state court, but asserts that the limitations period was not tolled between the stages of Petitioner's collateral review proceedings in the Michigan courts. Specifically, Respondent contends that the one-year period was not tolled during the following time frames: (1) from April 24, 1996 (when the AEDPA took effect) to September 27, 1996 (when Petitioner filed his second application for leave to appeal with the Michigan Court of Appeals);[4] and (2) from March 13, 1997 (when the Michigan Court of Appeals denied Petitioner's second application for leave to appeal) to April 8, 1997 (when Petitioner filed his application for leave to

appeal with the Michigan Supreme Court).[5] This Court disagrees.

Under 28 U.S.C. § 2254(d)(2), the limitations period is tolled when a properly filed application for post-conviction or other collateral review is pending in the state court. Assuming that an application is properly filed under the state court's procedural rules, it remains "pending" during the intervals between stages of the state court proceedings. *See Hudson v. Jones*, 35 F.Supp.2d 986, 988 (E.D.Mich.1999) (limitations period tolled from AEDPA's effective date through Michigan Supreme Court's denial of leave to appeal, including interval between Michigan Court of Appeals' denial of application for leave to appeal and filing of application for leave to appeal with Michigan Supreme Court); *Neal v. Ahitow*, 8 F.Supp.2d 1117, 1119 (C.D.Ill.1998) (concluding that "once a post-conviction relief petition is initially filed in State court then that petition is 'pending' for purposes of section 2244(d)(2) as long as the state court for the state post-conviction procedures allow for review."). Were this Court to find otherwise, it is conceivable that a person could be foreclosed from seeking federal habeas relief despite having complied with all of a state's procedural rules in the course of exhausting state court remedies.

Thus, contrary to Respondent's assertion, the limitations period did not run from April 24, 1996 through September 27, 1996. Petitioner's motion for relief from judgment was denied by the trial court on September 27, 1995. The AEDPA went into effect on April 24, 1996, potentially triggering the one-year limitations period.

4. In this regard, Respondent also asserts that Petitioner's first application for leave to appeal to the Michigan Court of Appeals, which was dismissed as defective, was not "properly filed" and did not toll the limitations period from May 13, 1996 to September 27, 1996. A "properly filed application" for purposes of 28 U.S.C. § 2244(d)(2) is one submitted in accordance with a state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir.1998). Even assuming that the first application was improperly filed,

however, the filing is immaterial given that Petitioner properly and timely filed another application for leave to appeal with the Court of Appeals on September 27, 1996.

5. The parties do not dispute that the limitations period ran from December 30, 1997 (when the Michigan Supreme Court denied leave to appeal) to July 28, 1998 (when the Court received Petitioner's initial habeas petition).

Petitioner, however, filed his second application for leave to appeal the trial court's denial of his motion for relief from judgment on September 27, 1996. This was properly filed within the 12–month time period established by MCR 6.509. Because Petitioner filed the application for leave to appeal within the time limits for doing so, his application for collateral review was "properly filed" and "pending" under 28 U.S.C. § 2244(d)(2) from September 27, 1995 to September 27, 1996. Thus, that time does not count toward the one-year limitations period.

■ Similarly, the limitations period did not run from March 13, 1997 through April 8, 1997. The Michigan Court of Appeals denied Petitioner's second application for leave to appeal on March 13, 1997. Under MCR 7.302(C)(2), he was required to file an application for leave to appeal with the Michigan Supreme Court within 21 days. He did not do so. However, under MCR 7.302(C)(3), Petitioner had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. He filed his application with the Michigan Supreme Court within 26 days. Thus, his application for collateral review was "properly filed" and "pending" for purposes of § 2244(d)(2) from March 13, 1997 until April 8, 1997. Respondent's assertion to the contrary is without merit.

Because the aforementioned days did not count toward the one-year statute of limitations, the limitations period did not begin to run until the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on December 30, 1997. Petitioner therefore had until December 30, 1998 to seek federal habeas relief. His initial habeas petition was received by this Court on July 28, 1998 and filed on August 3, 1998. Petitioner thus sought federal habeas review within the applicable statutory period.

### III. *Conclusion*

Based upon the foregoing analysis, the Court concludes that Petitioner filed his petition for a writ of habeas corpus within the one-year period established by 42 U.S.C. § 2244(d). His petition is therefore not subject to dismissal for failure to comply with the statute of limitations.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent shall file an answer addressing the merits of the amended petition for a writ of habeas corpus on or before **April 10, 1999.**