**Jack Edgar RICE, Petitioner,**

v.

**David TRIPPETT, Respondent.**

**No. Civ.A.99–CV–60178–AA.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 12, 1999.

Timothy M. Holloway, Detroit, MI, for petitioner.

Janet A. VanCleve, Assistant Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

*MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND SETTING DEADLINE FOR RESPONSIVE PLEADING*

HACKETT, District Judge.

**I.** *Introduction*

Petitioner Jack Rice, a state prisoner currently confined at the Thumb Correc-

tional Facility in Lapeer, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Petitioner pleaded guilty to second-degree murder in the ___ County Circuit Court in 1978 and was sentenced to a parolable term of life imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on February 15, 1980. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was voluntarily withdrawn on August 12, 1982. Petitioner then sought various forms of post-judgment and collateral relief from the state courts, all of which were denied on or before January, 1993.

Petitioner filed a motion for relief from judgment with the trial court in March 31, 1997, which was denied on June 2, 1997. Petitioner's request for reconsideration was denied on December 8, 1997. Petitioner filed an application for leave to appeal the trial court's decision with the Michigan Court of Appeals on January 8, 1998, which was denied on April 14, 1998. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals on May 27, 1998, which was denied on February 25, 1999. Petitioner filed the present petition for a writ of habeas corpus on March 19, 1999.

On August 2, 1999, Respondent filed a motion to dismiss the petition for a writ of habeas corpus asserting that it was filed outside the one-year statute of limitations period established by 28 U.S.C. § 2244(d)(1).

## II. *Discussion*

◼ The effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 was April 24, 1996. The AEDPA governs the filing date for the habeas petition in this case because Petitioner filed his petition after the effective date of the AEDPA. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.[1] *Duarte v. Hershberger,* 947 F.Supp. 146, 148 (D.N.J. 1996); *Flowers v. Hanks,* 941 F.Supp. 765, 769 (N.D.Ind.1996). In most cases, a prisoner is required to file a federal habeas petition within one year of completing direct review of the habeas claims. *See* 28 U.S.C. § 2244(d)(1)(A).

◼ Nevertheless, a statute of limitations may not arbitrarily extinguish existing rights. Instead, a statute of limitations must provide a litigant with a reasonable time after the statute takes effect to commence a suit on an existing cause of action. *Wilson v. Iseminger,* 185 U.S. 55, 62–63, 22 S.Ct. 573, 46 L.Ed. 804 (1902). Courts agree that

---

1. 28 U.S.C. § 2244(d) provides:

   (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

prisoners should be given a "reasonable time" following the passage of the AEDPA to present accrued claims in a federal habeas corpus petition. *See United States v. Simmonds*, 111 F.3d 737, 745–46 (10th Cir.1997) (holding that applying the AEDPA's deadline for filing § 2255 motions was impermissibly retroactive because the movant had not been afforded a reasonable time to bring his claim); *Peterson v. Demskie*, 107 F.3d 92, 92 (2d Cir.1997) ("a habeas corpus petitioner is entitled to a reasonable time after the effective date of the AEDPA to file a petition"). Most circuit courts considering the issue have determined that a prisoner should be accorded one year (the equivalent of the new limitations period) from the date that the AEDPA was enacted (April 24, 1996) to comply with the new limitations period. *See Calderon v. United States Dist. Court for the Central Dist. of California*, 128 F.3d 1283, 1287 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) ("[n]o petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with [2244(d)'s] time limit"); *Simmonds*, 111 F.3d at 746 ("the one-year limitations period … is … a reasonable time for prisoners to bring § 2255 motions whose convictions became final before the [AEDPA] took effect").

In this case, Petitioner's convictions became final before the AEDPA took effect on April 24, 1996. Thus, he would normally have been required to file his habeas petition by April 24, 1997 to comply with the statute of limitations. The time during which a prisoner seeks collateral review of his or her conviction, however, does not count toward the limitations period. The relevant statute provides: "The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, Respondent acknowledges that the limitations period must be tolled when a properly filed application for collateral review is pending in state court, but asserts that the limitations period was not tolled between the stages of Petitioner's collateral review proceedings in the Michigan courts. Specifically, Respondent contends that the one-year period was not tolled from June 2, 1997 (when the trial court denied his motion for relief from judgment) to June 13, 1997 (when Petitioner filed a motion for reconsideration), from December 8, 1997 (when the trial court denied the motion for reconsideration) to January 8, 1998 (when Petitioner filed an application for leave to appeal with the Michigan Court of Appeals), and from April 14, 1998 (when the Court of Appeals denied leave to appeal) to May 27, 1998 (when Petitioner filed an application for leave to appeal with the Michigan Supreme Court).[2] This Court disagrees.

■ Under 28 U.S.C. § 2254(d)(2), the limitations period is tolled when a properly filed application for post-conviction or other collateral review is pending in the state court. Assuming that an application is properly filed under the state court's procedural rules, it remains "pending" during the intervals between stages of the state court proceedings. *See Taylor v. Lee*, 186 F.3d 557 (4th Cir.1999) (relying upon *Nino* and *Barnett*); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir.1999) ("the time must be tolled for the entire period in which a petitioner is appropriately pursuing and

---

**2.** Respondent also asserts that the limitations period ran from April 24, 1996 (the AEDPA's effective date) to March 31, 1997 (when Petitioner filed his motion for relief from judgment) and from February 25, 1999 (when the Michigan Supreme Court denied his applica-

tion for leave to appeal) to March 19, 1999 (when Petitioner filed the present habeas petition). The Court agrees because Petitioner did not have any properly filed requests for post-judgment or other collateral relief pending during these periods.

exhausting his state remedies"); *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir.1999) (term "pending" encompasses all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies on a particular post-conviction application); *Matthews v. Abramajtys,* 39 F.Supp.2d 871, 874–75 (E.D.Mich.1999) (limitations period tolled from AEDPA's effective date through Michigan Supreme Court's denial of leave to appeal motion for relief from judgment, including intervals between "properly filed" appellate proceedings); *Hudson v. Jones,* 35 F.Supp.2d 986, 988 (E.D.Mich.1999) (limitations period tolled from AEDPA's effective date through Michigan Supreme Court's denial of leave to appeal, including interval between Michigan Court of Appeals' denial of application for leave to appeal and filing of application for leave to appeal with Michigan Supreme Court); *Neal v. Ahitow,* 8 F.Supp.2d 1117, 1119 (C.D.Ill.1998) (concluding that "once a post-conviction relief petition is initially filed in State court then that petition is 'pending' for purposes of section 2244(d)(2) as long as the state court for the state post-conviction procedures allow for review"). Were this Court to find otherwise, it is conceivable that a person could be foreclosed from seeking federal habeas relief despite having complied with all of a state's procedural rules in the course of exhausting state court remedies.

Thus, contrary to Respondent's assertion, the limitations period did not run during the intervals between the stages of Petitioner's collateral relief proceedings in the state courts. The trial court denied Petitioner's motion for relief from judgment on June 2, 1997. Under MCR 2.119(F)(1), Petitioner had 14 days to filed a motion for reconsideration. He did so within 11 days. The trial court denied Petitioner's motion for reconsideration on December 8, 1997. Under MCR 6.509, Petitioner had 12 months to file an application for leave to appeal with the Michigan Court of Appeals. He filed his application for leave to appeal within 30 days. The

Michigan Court of Appeals denied leave to appeal on April 14, 1998. Under MCR 7.302(C)(2), he was required to file an application for leave to appeal with the Michigan Supreme Court within 21 days. He did not do so. However, under MCR 7.302(C)(3), Petitioner had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. He filed his delayed application with the Michigan Supreme Court within 43 days. Thus, Petitioner's applications for collateral review were each "properly filed" and "pending" for purposes of § 2244(d)(2) during these interim time periods. Respondent's assertion to the contrary is without merit.

Because the aforementioned days did not count toward the one-year statute of limitations, the limitations period only ran from April 24, 1996 (the AEPDA's effective date) to March 31, 1997 (when Petitioner filed his motion for relief from judgment with the trial court) and from February 25, 1999 (when the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal) to March 19, 1999 (when Petitioner filed the instant habeas petition). By Respondent's own calculations, these time periods encompassed 11 months and 29 days. Petitioner thus sought federal habeas review within the applicable statutory period.

### III. *Conclusion*

Based upon the foregoing analysis, the Court concludes that Petitioner filed his petition for a writ of habeas corpus within the one-year period established by 28 U.S.C. § 2244(d). His petition is therefore not subject to dismissal for failure to comply with the statute of limitations. Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent shall file an answer addressing

the merits of the habeas petition on or before **September 20, 1999.**