Jackie Aaron ERWIN, Petitioner,

v.

Frank ELO, Respondent.

No. CIV. 00–70372–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 18, 2001.

See also, 459 Mich. 1000, 595 N.W.2d 854.

Richard Ginsberg, Ann Arbor, MI, for petitioner.

Janet Van Cleve, Asst. Atty. Gen., Lansing, MI, for respondent.

### OPINION AND ORDER DENYING THE MOTION TO DISMISS AND SETTING DEADLINE FOR RESPONSIVE PLEADING [1]

TARNOW, District Judge.

Jackie Aaron Erwin, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus with this Court, in which he has sought to challenge his convictions for four counts of first-degree criminal sexual conduct. Respondent has filed a motion to dismiss the petition, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion to dismiss, both *pro se* and through counsel Richard B. Ginsberg. Counsel has also filed a supplement to the petition for writ of habeas corpus. For the reasons stated below, the motion to dismiss is denied and respondent is ordered to file an answer addressing the merits of the petition within thirty days of the Court's order.

### I. BACKGROUND

Petitioner was convicted of four counts of first-degree criminal sexual conduct following a jury trial in the Livingston County Circuit Court on June 3, 1994. Petitioner's conviction and sentence were affirmed by the Michigan Court of Appeals. *People v. Erwin*, 178144 and 183137 (Mich.Ct.App. December 13, 1996). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. As discussed below in greater detail, petitioner alleges that he did not file an application for leave to appeal with the Michigan Supreme Court, because his appellate counsel never informed him that the Michigan Court of Appeals had affirmed his conviction.

Petitioner thereafter filed a postconviction motion for relief from judgment with the Livingston County Circuit Court on July 28, 1997. The trial court denied petitioner's motion on August 20, 1997. *People v. Erwin*, 94–8094–FC. After the Michigan Court of Appeals denied leave to appeal, *People v. Erwin*, 206573 (Mich.Ct. App. June 9, 1998), the Michigan Supreme Court denied leave to appeal on May 26, 1999. *People v. Erwin*, 459 Mich. 1000, 595 N.W.2d 854 (1999).

### II. DISCUSSION

Respondent's motion to dismiss must be denied for several reasons. As an initial matter, the Court notes that in arguing that petitioner's application is untimely, respondent has used January 24, 2000 as the date that petitioner filed his habeas petition with this Court. While it is true that the petition was actually received by the clerk of the court on January

---

1. Staff Attorney Dan Besser provided quality research assistance.

24, 2000, this is not the actual date that the habeas petition would be deemed filed for purposes of the one year limitations period contained within the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *United States ex. rel. Drain v. Washington,* 52 F.Supp.2d 856, 860 (N.D.Ill.1999); *Beckovich v. Coyle,* 22 F.Supp.2d 722, 724 (N.D.Ohio 1998). The liberal application of the mailbox rule causes a federal court to treat a habeas petition as placed in the hands of prison authorities on the same day that the petition was signed. *Marsh v. Soares,* 223 F.3d 1217, 1218, fn. 1 (10th Cir.2000). Therefore, absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Hudson v. Martin,* 68 F.Supp.2d 798, 800, fn. 2 (E.D.Mich.1999); *See also Rhodes v. Senkowski,* 82 F.Supp.2d 160, 165 (S.D.N.Y.2000); *Colarte v. Leblanc,* 40 F.Supp.2d 816, 817 (E.D.La.1999); *Torres v. Irvin,* 33 F.Supp.2d 257, 270 (S.D.N.Y.1998).

In the present case, the petition for writ of habeas corpus was signed and dated January 11, 2000. Because respondent has offered no evidence to the contrary, this Court must assume that this was the date that petitioner gave the petition to prison authorities for mailing to this Court. Therefore, this Court finds that the habeas petition was filed, for purposes of 28 U.S.C. § 2244(d)(1), on January 11, 2000.

In computing the applicable time period, respondent further contends that petitioner's conviction became final, and the limitations period should begin to run, fifty six days after the Michigan Court of Appeals affirmed petitioner's conviction on direct appeal, because petitioner never sought leave to appeal from that decision. Under

M.C.R. 7.302(C)(3), petitioner had fifty six days to file an application for leave to appeal with the Michigan Supreme Court. Because petitioner did not file an application for leave to appeal his conviction to the Michigan Supreme Court, the one year limitations period for petitioner to file his habeas petition would have begun to run on February 8, 1997, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Eisermann v. Penarosa,* 33 F.Supp.2d 1269, 1272–1273 (D.Hawai'i 1999). The Court agrees with respondent that petitioner's conviction became final, for purposes of the AEDPA's limitations period, on that date.

■ Petitioner acknowledges that he never filed an application for leave to appeal with the Michigan Supreme Court, but claims that he did not do so because he was never informed by his appellate attorney that the Michigan Court of Appeals had affirmed his conviction. Petitioner only learned on March 20, 1997 that his conviction had been affirmed, after receiving a response from the Livingston County Circuit Court to his March 11, 1997 request for information concerning the status of his case. Petitioner argues that the limitations period should be equitably tolled until he actually learned about the Michigan Court of Appeals decision on March 20, 1997. This Court agrees.

■ The statute of limitations contained within § 2244(d)(1) is subject to equitable tolling. *Moore v. Hawley,* 7 F.Supp.2d 901, 904 (E.D.Mich.1998)(Duggan, J.). The doctrine of equitable tolling can preserve a habeas petitioner's § 2254 claims when strict application of the statute of limitations contained within § 2244(d)(1) would be inequitable. *Duffy v. Collins,* 230 F.3d 1358, 2000 WL 1477226, * 1 (6th Cir. Sept. 25, 2000)(internal citations omitted). Equitable tolling applies when the petitioner is prevented in some extraordinary way from asserting his or her rights. *Id.*

■ In the present case, petitioner claims that he did not learn of the Michigan Court of Appeals' decision until March 20, 1997. When a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired, equitable tolling is appropriate. *Vasquez v. Greiner,* 68 F.Supp.2d 307, 310 (S.D.N.Y.1999); *Baskin v. United States,* 998 F.Supp. 188, 188–189 (D.Conn.1998). For purposes of the instant motion, the Court must take as true petitioner's claim that he was never informed of the Michigan Supreme Court's decision until after the statute of limitations had expired. *Vasquez,* 68 F.Supp.2d at 310. Moreover, respondent has offered no evidence to refute petitioner's contention that the delay was caused by his attorney's failure to inform him of the Michigan Court of Appeals' decision. *Baskin,* 998 F.Supp. at 190, fn. 1. The alleged delay between the Michigan Court of Appeals' decision and the date that petitioner received notice of the Michigan Court of Appeals' decision thus warrants equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.2000); *reh. granted in part,* 223 F.3d 797 (5th Cir.2000). This Court concludes that the limitations period was tolled until petitioner learned about the Michigan Court of Appeals' decision on March 20, 1997. On that date, the one year limitations period began to run.

■ The one year statute of limitations was tolled on July 28, 1997, when petitioner filed his postconviction motion for relief from judgment with the Livingston County Circuit Court. At the time that petitioner filed his motion for relief from judgment, one hundred and thirty (130) days had run from the March 20, 1997 date that petitioner received notice of the Michigan Court of Appeals' decision, and not one hundred and thirty six (136) days, as respondent contends. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the one year statute of limitations contained in the AEDPA. *Matthews v. Abramajtys,* 39 F.Supp.2d 871, 874 (E.D.Mich.1999). Assuming that an application is properly filed under the state court's procedural rules, it would remain "pending" during the intervals between the stages of state court proceedings. *Swartz v. Meyers,* 204 F.3d 417, 420 (3rd Cir.2000); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999); *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999); *Rice v. Trippett,* 63 F.Supp.2d 784, 786–787 (E.D.Mich.1999)(Hackett, J.) *Hudson v. Martin,* 68 F.Supp.2d at 800; *Matthews v. Abramajtys,* 39 F.Supp.2d at 874. The tolling of the one year statute of limitations would not end until the Michigan Supreme Court completed collateral review by denying the petitioner's application for leave to appeal from the trial court's denial of his post-conviction motion for relief from judgment. *Hudson v. Jones,* 35 F.Supp.2d 986, 988–989 (E.D.Mich.1999)(Cohn, J.).

The one year limitations period was therefore tolled until May 26, 1999, when the Michigan Supreme Court denied petitioner leave to appeal. Petitioner's habeas petition was filed on January 11, 2000, which was two hundred and thirty (230) days after the Michigan Supreme Court denied him leave to appeal. When the one hundred and thirty day period between March 20, 1997 and July 28, 1997 is added to the two hundred and thirty day period between May 26, 1999 and January 11, 2000, the entire amount of time that elapsed under the one year statute of limitations was three hundred and sixty days. Petitioner's application was therefore timely. Because there is insufficient evidence to conclude that the habeas petition is time barred by the statute of limitations, respondent's motion to dismiss is denied. *United States ex. rel. Rosas v. O'Sullivan,* 14 F.Supp.2d 1063, 1064–1065 (N.D.Ill. 1998).

The Court will therefore deny the motion to dismiss and order the respondent

to file an answer that responds to the merits of petitioner's habeas claims. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D.Ill. 1996); 28 U.S.C. § 2243. Accordingly, the Court will order respondent to file an answer within thirty (30) days of the Court's order.

## III. *ORDER*

IT IS ORDERED that Respondent's motion to dismiss the petition for writ of habeas corpus is **DENIED.**

IT IS FURTHER ORDERED that Respondent shall file an answer addressing the merits of the petition for a writ of habeas corpus within thirty (30) days of the Court's order.