# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2483

_____

| | | |
|---|---|---|
| Eirtis McKay, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| James D. Purkett, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: May 31, 2001
Filed: June 11, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Eirtis McKay pleaded guilty to first degree assault and armed criminal action, and the Missouri courts denied his motion for postconviction relief. See McKay v. State, 963 S.W.2d 391 (Mo. Ct. App. 1998). McKay then timely sought habeas relief under 28 U.S.C. § 2254, asserting three claims of error by the state postconviction trial court. More than a year later, after the one-year federal habeas statute of limitations had run, see 28 U.S.C § 2244(d), McKay filed an amended petition for habeas relief, asserting three claims of ineffective assistance of counsel occurring prior to his guilty plea and at sentencing. Respondent moved to dismiss the amended petition as untimely.

The district court[1] dismissed McKay's original claims of state court error as uncognizable and dismissed his amended claims as untimely. McKay appeals the dismissal of his amended claims. Those claims are untimely unless they relate back to the filing date of the original claims under Rule 15(c)(2) of the Federal Rules of Civil Procedure. An amended pleading relates back if the claims asserted "arose out of the same conduct, transaction, or occurrence" as the original claims. United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Here, the original claims challenged the conduct by the trial court in the state postconviction proceedings, whereas the amended complaint challenged the conduct of McKay's counsel prior to his conviction and sentence. The district court did not abuse its discretion in ruling that McKay's amended claims do not relate back to his original claims of state court error. See Shea v. Eienstein, 208 F.3d 712, 720 (8th Cir. 2000) (standard of review), cert. denied, 121 S. Ct. 172 (2000).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE LAWRENCE O. DAVIS, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).