Brenda L. CUMMINGS, Petitioner,

v.

Joan YUKINS, Respondent.

No. 01–CV–73386–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 20, 2002.

Brenda Cummings, Plymouth, MI, pro se.

Brenda E. Turner, Mich. Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for defendant.

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

TARNOW, District Judge.

Petitioner Brenda Cummings, a state prisoner currently confined at the Scott Correctional Facility in Plymouth, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that she is incarcerated in violation of her constitutional rights. This matter is before the Court on Respondent's motion to dismiss the petition for failure to comply with the one-year statute of limitations. For the reasons set forth

below, the Court grants Respondent's motion and dismisses the petition for a writ of habeas corpus for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## I. *Facts and Procedural History*

Petitioner was convicted of second-degree murder and second-degree child abuse following a jury trial in the Mason County Circuit Court in 1995. She was sentenced to concurrent terms of 15 to 30 years imprisonment and two years and eight months to four years imprisonment on those convictions.

Petitioner filed an appeal with the Michigan Court of Appeals, which affirmed her convictions and sentence. *People v. Cummings*, No. 184289, 1998 WL 1992888 (Mich.App. March 3, 1998) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Cummings*, 459 Mich. 932, 615 N.W.2d 735 (Dec. 30, 1998). Petitioner did not seek collateral review of her convictions in state court. *See* Petition, p. 2.

Petitioner filed the present petition for a writ of habeas corpus on August 31, 2001. Respondent filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d) on January 15, 2002. Petitioner filed a reply to the motion on January 28, 2002, asserting that the limitations period should be equitably tolled under the standard set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

## II. *Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104– 132, 110 Stat. 1214, became effective on April 24, 1996. The AEDPA governs the filing date for the habeas application in this case because Petitioner filed this petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *Matthews v. Abramajtys*, 39 F.Supp.2d 871, 872 (E.D.Mich.1999). In most cases, a prisoner is required to file a federal habeas petition within one year of completing direct review of the habeas claims. *See* 28 U.S.C. § 2244(d)(1)(A). The revised statute provides that:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pend-

ing shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became after the AEDPA's April 24, 1996 effective date. Petitioner completed her state court direct appeals on December 30, 1998. She then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, her convictions became final on March 30, 1999. Petitioner was thus required to file her federal habeas petition on or before March 30, 1999, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not seek collateral review in the state courts. Further, she did not file her habeas petition until August 31, 2001—the date upon which she signed the petition—one year and five months after the expiration of the one-year period.

■ Petitioner does not assert that the State created an impediment to filing her habeas petition or that her claims are based upon newly-created rights or newly-discovered facts. Rather, she contends that she is entitled to equitable tolling of the one-year period. The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). The five parts of this test are:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008.

■ Petitioner asserts that the limitations period should be equitably tolled because the attorney she retained to conduct a review and analysis of her case failed to proceed on her behalf before the expiration of the one-year period and because she is untrained in the law. However, there is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Attorney error which results in the filing of an untimely petition is not a circumstance which justifies tolling the limitations period. *See Elliott v. DeWitt,* 10 Fed.Appx. 311, 312, 2001 WL 523527 (6th Cir.2001) ("attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"); *accord Smaldone v. Senkowski,* 273 F.3d 133, 138 (2nd Cir. 2001); *Frye v. Hickman,* 258 F.3d 1036, 1038 (9th Cir.2001); *Fahy v. Horn,* 240 F.3d 239, 244 (3rd Cir.2001); *Marsh v. Soares,* 223 F.3d 1217, 1220–21 (10th Cir. 2000); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000); *see also Holloway v. Jones,* 166 F.Supp.2d 1185, 1189 (E.D.Mich.2001) (petitioner's inability to retain counsel in a timely fashion to file habeas petition did not warrant equitable tolling).

Moreover, the fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Brown v. United States,* 2001 WL 1136000, *3 (6th Cir. Sept.21, 2001) (unpublished case citing

*United States v. Baker*, 197 F.3d·211, 218–19 (6th Cir.1999), for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Lastly, Petitioner has not shown diligence in seeking habeas relief given that she waited more than two years after the conclusion of her direct appeals to file her federal habeas petition. She is thus not entitled to equitable tolling of the limitations period. *See Dunlap*, 250 F.3d at 1010; *Jones v. Gundy*, 100 F.Supp.2d 485, 488 (W.D.Mich.2000).

### III. *Conclusion*

Based on the foregoing analysis, the Court concludes that Petitioner failed to file her habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly;

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED** and that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**