Michael BROWN, Petitioner,

v.

Kenneth McKEE, Respondent,

No. CIV.02–CV–72879–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 20, 2002.

Michael Brown, Ionia, MI, for Pro se.

### *OPINION AND ORDER OF SUMMARY DISMISSAL*

ROSEN, District Judge.

Michael Brown ("Petitioner"), an inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of use of a credit card without cardholder's consent, M.C.L.A. 750.157q; M.S.A. 28.354(16), and being a third felony habitual offender, M.C.L.A. 769.11; M.S.A. 28.1083. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### I. Background

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court on February 22, 1988 and was sentenced to three to eight years in prison on December 6, 1988. Petitioner's conviction was affirmed on direct appeal. *People v. Brown,* 149874 (Mich.Ct.App. September 24, 1992). Petitioner does not appear to have sought leave to appeal with the Michigan Supreme Court.

On August 21, 1998, petitioner filed a state petition for writ of habeas corpus with the Oakland County Circuit Court, which was denied. *People v. Brown,* 87–081154–FH (Oakland County Circuit Court, November 16, 1998). Petitioner also filed a motion for a *Ginther* hearing and a motion to withdraw his guilty pleas and for reconsideration, which were denied. *Id.* After the Michigan Court of Appeals denied petitioner leave to appeal, *People v. Brown,* 225260 (Mich.Ct.App. December 7, 2000), the Michigan Supreme Court denied leave to appeal on June 26, 2001. *People v. Brown,* 464 Mich. 869, 630 N.W.2d 621 (2001). The instant petition was signed and dated June 21, 2002.[1]

On July 18, 2002, petitioner was ordered to show cause why his habeas petition should not be dismissed for failing to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). On November 6, 2002, petitioner filed a response to the order to show cause.

### II. Discussion

The petition for writ of habeas corpus must be dismissed because it has not been filed within the one year statute of limitations.

---

1. Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 21, 2002, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock,* 137 F.Supp.2d 879, 882, n. 1 (E.D.Mich. 2001).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D.Mich.2002).

In the present case, the Michigan Court of Appeals denied petitioner's direct appeal on September 24, 1992. In his response to the order to show cause, petitioner claims for the first time that he filed an application for leave to appeal with the Michigan Supreme Court following the affirmance of his appeal by the Michigan Court of Appeals, but has presented no evidence to this Court to support this allegation, nor has this Court been able to find any evidence that petitioner ever filed an application for leave to appeal with the Michigan Supreme Court. The Court does note that in its opinion denying petitioner's application for state habeas relief, the trial court indicated that petitioner did not appear to seek appellate review of his conviction with the Michigan Supreme Court. *People v. Brown,* 87–081154–FH, * 2 (Oakland County Circuit Court, November 16, 1998).[2]

Because there is insufficient evidence that petitioner ever sought further appellate review of his case with the Michigan Supreme Court after the Michigan Court of Appeals affirmed his conviction, this Court assumes that petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on November 19, 1992, when the fifty six day time period for seeking leave to appeal with the Michigan Supreme Court pursuant to M.C.R. 7.302(C)(3) expired. *Erwin v. Elo,* 130 F.Supp.2d 887, 889 (E.D.Mich.2001). However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith,* 126 F.Supp.2d 1073, 1074–1075 (E.D.Mich.2001). Absent state collateral review or other tolling, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

In this case, petitioner filed a state petition for a writ of habeas corpus

**2.** Opinion attached to the Petition for Writ of Habeas Corpus as Appendix A.

on August 21, 1998, well after the one year limitations period had expired. Although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year limitations period pursuant to 28 U.S.C. § 2244(d)(2), the limitations period is not reset upon the conclusion of state collateral review. *Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D.Mich.2001). By the time that petitioner filed his state petition for writ of habeas corpus, the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Grayson v. Grayson*, 185 F.Supp.2d 747, 750 (E.D.Mich.2002). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.* at 750. Therefore, petitioner did not have one year following the denial of his post-conviction motion to file his petition with this Court.

In his response to the order to show cause, petitioner argues that this current habeas petition should be considered a pre-AEDPA petition because he previously filed a habeas petition with the U.S. District Court for the Eastern District of Michigan on September 18, 1995. In that prior habeas petition, petitioner challenged the constitutionality of a 1976 or 1977 conviction which had been used to enhance the sentence that he is currently challenging in this instant petition. The federal habeas court dismissed petitioner's prior application for habeas relief pursuant to *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), on the ground that petitioner was no longer in custody for this 1977 conviction, for purposes of seeking habeas relief. *Brown v. Prelesnik*, U.S.D.C. 95–10292 (E.D.Mich. July 29, 1996)(Cleland, J.).

Once a federal habeas petition which has been filed prior to the adoption of the AEDPA has been dismissed, a subsequent petition filed after the enactment of the AEDPA is considered a new petition and is governed by the AEDPA's requirements, including the statute of limitations. *See Banks v. Horn*, 271 F.3d 527, 533 (3rd Cir.2001)(rejecting argument that habeas petitioner's current habeas petition, which reasserted the same claims as a pre-AEDPA petition which had been dismissed, should relate back to the original filing date of the pre-AEDPA petition). Because this current application for habeas relief was filed after the enactment of the AEDPA, the Court considers it a new petition that would not relate back to the previous habeas petition filed by petitioner. This is especially true in light of the fact that petitioner is challenging a completely separate conviction and raising different claims for relief in his current application for habeas relief than he did in his prior habeas petition. An amended pleading relates back to a prior, timely complaint, if the claims asserted "arose out of the same conduct, transaction, or occurrence" as the original claims. *McKay v. Puckett*, 255 F.3d 660, 661 (8th Cir.2001); *cert. den.* —— U.S. ——, 122 S.Ct. 672, 151 L.Ed.2d 585 (2001)(internal quotation omitted); Fed.Rules Civ.Proc.Rule 15(c)(2). New claims for relief which are raised in an amended habeas petition cannot relate back to the date of an original habeas petition, for limitations purposes. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir.2001); *cert. den.* —— U.S. ——, 122 S.Ct. 1442, 152 L.Ed.2d 385 (2002). Because petitioner is challenging an entirely different conviction in this current habeas petition and raises new and different claims than the ones which he raised in his prior habeas petition, his current application for habeas relief cannot "relate back" to his 1995 habeas petition.

Petitioner also claims that the statute of limitations should be equitably tolled for several reasons. The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001). In *Dunlap*, the Sixth Circuit indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and,

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly." *Dunlap*, 250 F.3d at 1008–1009. The Sixth Circuit concluded that that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

Petitioner first claims that the limitations period should be equitably tolled because he had no knowledge of the AEDPA's one year limitations period. Petitioner's contention that he was ignorant of the law would not entitle him to equitable tolling. Ignorance of the law alone is not sufficient to invoke the doctrine of equitable tolling. *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D.Mich.1998). Petitioner's alleged unawareness of the one year limita-

tions period imposed by the AEDPA cannot serve to equitably toll the one year statute of limitations. *See Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir.2001)(post-*Dunlap* case which held that ignorance of the limitations period does not toll the AEDPA's limitations period for filing a § 2255 motion to vacate sentence); *Cummings v. Yukins*, 197 F.Supp.2d 785, 787 (E.D.Mich.2002)(fact that habeas petitioner unaware of statute of limitations for period of time does not warrant equitable tolling); *Jones v. Gundy*, 100 F.Supp.2d 485, 487–488 (W.D.Mich. 2000)(same). Therefore, petitioner's alleged unawareness of the one year limitations period contained within the AEDPA cannot serve as a basis to equitably toll the one year limitations period.

Petitioner next argues that the limitations period should be equitably tolled because he is currently under the influence of psychotropic medications. Petitioner claims that he was first prescribed Sinaquin, Busfar, and Zypraxia after being incarcerated in the Wayne County Jail on January 26, 1997 on new criminal charges, and continued to receive these medications after being convicted on these new criminal charges and being re-imprisoned. Petitioner claims that he continues to take psychotropic medications, albeit at a modified or lower dosage.

A habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition. *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir.2001)(internal citations omitted). Thus, a habeas petitioner must allege more than the "mere existence of physical or mental ailments" to invoke the equitable tolling of the AEDPA's statute of limitations. *Rhodes v. Senkowski*,

82 F.Supp.2d 160, 173 (S.D.N.Y.2000). Instead, a habeas petitioner has the burden of showing that mental health problems rendered him or her unable to file a habeas petition during the one year limitations period. *Id.* Equitable tolling based on mental incapacity is limited to "exceptional circumstances." *Smith v. Saffle,* 28 Fed. Appx. 759, 760 (10th Cir.2001)(*citing to Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1268 (10th Cir.1996)). The general federal rule is that a statute of limitations is tolled by reason of mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996)(internal citations omitted).

Petitioner is not entitled to equitable tolling on this basis for several reasons. First, petitioner has not identified the mental illness that he was being treated for. More importantly, the fact that petitioner has been receiving psychotropic medications "would actually weigh more in favor of his being able to function than not." *Williams v. Price,* 2002 WL 551037, * 5 (E.D.Mich. March 29, 2002)(*quoting See United States ex. rel. Wright v. Carter,* 1998 WL 142414, * 2 (N.D.Ill. March 26, 1998)).

The other problem with petitioner's argument is that during the time that he was receiving these psychotropic medications, he was nonetheless able to file several post-conviction motions in the state trial court and subsequently had the ability to file an appeal from the denial of post-conviction relief with the Michigan Court of Appeals and the Michigan Supreme Court. The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged

mental incapacity. *Smith v. Saffle,* 28 Fed.Appx. at 760. Because petitioner was able to seek post-conviction relief in the state trial and appellate courts while taking these medications, he was not so mentally incompetent as to warrant equitable tolling of the limitations period for bringing his habeas petition. *Id.* Moreover, in spite of the fact that petitioner continues to take these medications, petitioner was able to file the instant petition, as well as a response to the order to show cause. Because petitioner was able to pursue his federal habeas petition in this Court while taking these psychotropic medications, petitioner has failed to show that any mental illness or incapacity prevented him from managing his legal affairs and acting upon them. *Williams v. Price,* 2002 WL 551037 at *5; *Hennington v. Johnson,* 2001 WL 210405, *4, n. 9 (N.D.Tex. Feb. 28, 2001). Accordingly, petitioner is not entitled to equitable tolling on the basis of his alleged mental incapacities.

Finally, petitioner alleges that he is actually innocent of the crime of use of a credit card without the cardholder's consent. In support of this contention, petitioner offers the affidavits of Donnell Cole and Deborah Alexander, which were respectively signed on April 4 and November 19, 1999. In these affidavits, Mr. Cole and Ms. Alexander claim that they were present in August of 1987 at the Monterey Motel in Highland Park, Michigan, where they witnessed a woman named Crystal Perkins pawn four credit cards to petitioner in exchange for one hundred dollars. At the time of the transaction, Perkins purportedly assured petitioner that the credit cards were not stolen.

The problem with petitioner's "actual innocence" claim is that petitioner has made no showing that he acted with due diligence in pursuing his claims in the state or federal courts. Petitioner waited almost

six years after the denial of his direct appeal by the Michigan Court of Appeals to seek post-conviction relief with the Oakland County Circuit Court and waited almost a full year after the Michigan Supreme Court rejected his application for leave to appeal the denial of his post-conviction motions to file the instant petition for writ of habeas corpus. The Sixth Circuit has suggested in the dicta of one of their decisions that if a prisoner purposefully or by inadvertence let the time run under which he could have filed his habeas petition, he cannot file a petition beyond the statutory time, even if he claims actual innocence. *See Workman v. Bell*, 227 F.3d 331, 342 (6th Cir.2000)(Per Opinion of Siler, J., joined by six judges, voting to deny petition for rehearing en banc). The Eighth Circuit has explicitly stated that for an actual innocence claim to be viable, for purposes of tolling the limitations period, a habeas petitioner must show that some action or inaction on the part of the respondent prevented him from discovering the relevant facts in a timely fashion, or at the least, must show that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the limitations period. *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir.2002).

In *McLaughlin v. Moore*, 152 F.Supp.2d 123, 136 (D.N.H.2001), the federal habeas court held that the petitioner was not entitled to tolling of the one year limitations period under an actual innocence exception, when he waited more than three years after the AEDPA's grace period had expired to present his federal claims and despite the fact that he possessed the evidence upon which he relied for more than six years.

In the present case, petitioner has offered this Court no reasons why it took him over ten years after being convicted and sentenced on this crime to obtain the affidavits from Mr. Cole and Ms. Alexan-

der, particularly where both affiants indicate that they spoke with petitioner about his transaction with Ms. Perkins back in 1987, when he was first charged with this offense. Because petitioner has not pursued his claims with due diligence, he is not entitled to equitable tolling of the one year limitations period pursuant to an actual innocence exception. Moreover, petitioner is not entitled to tolling of the limitations period on this basis because his claim of actual innocence, based upon the facts described in the affidavits, is insufficiently convincing for this Court to conclude that no reasonable juror would have convicted petitioner of this offense. *See Whitebird v. Snider*, 28 Fed.Appx. 783, 786 (10th Cir.2001); *cert. den.* —— U.S. ——, 123 S.Ct. 135, 154 L.Ed.2d 47 (2002).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of ap-

pealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A district court has the power to deny a certificate of appealability *sua sponte. Millender v. Adams,* 187 F.Supp.2d 852, 880 (E.D.Mich.2002).

 The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F.Supp.2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. Order

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

## *JUDGMENT*

The above entitled matter having come before the Court on a Petition for Writ of Habeas Corpus, Honorable Gerald E. Rosen, a United States District Judge, presiding, and in accordance with the Memorandum Opinion and Order entered on 20 NOV, 2002.

IT IS ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is DISMISSED.

IT IS FURTHER ORDERED AND ADJUDGED that a Certificate of Appealability and leave to appeal *in forma pauperis* are DENIED.