[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Defendant, Patrick G. Burke, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief under R.C. 2953.21.
 {¶ 2} On March 23, 1995, defendant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11, one count of theft, in violation of R.C. 2913.02, and one count of receiving stolen property, in violation of R.C. 2913.51. On May 24, 1995, defendant entered a guilty plea to one count of burglary, the stipulated lesser-included offense of count one of the indictment. By entry filed May 25, 1995, the trial court sentenced defendant to four to fifteen years of imprisonment.
 {¶ 3} On April 29, 2002, defendant filed a petition for post-conviction relief. By decision filed on May 22, 2002, the trial court dismissed defendant's petition as time-barred under R.C. 2953.21(A). The decision of the trial court also denied defendant's motion for appointment of counsel and for state funds to pay an investigator. The decision of the trial court was journalized by judgment entry filed on May 22, 2002.
 {¶ 4} Defendant's pro se appellate brief does not contain a statement of assignment of error as required by App.R. 16(A). However, this court construes defendant's main arguments to be that the trial court erred in its determination that the petition for post-conviction relief was untimely under R.C. 2953.21, and in denying his petition without holding an evidentiary hearing. For purposes of review, we will treat these arguments as an assignment of error.
 {¶ 5} In post-conviction matters, an appellate court reviews the decision of a trial court not to conduct an evidentiary hearing under an abuse of discretion standard. State v. Logan, Summit App. No. 21070, 2002-Ohio-6290. The statutory framework governing post-conviction relief is set forth under R.C. 2953.21, and that statute "provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds." Logan, supra, at ¶ 6. In the present case, defendant's petition before the trial court alleged claims of ineffective assistance of counsel and illegal search and seizure.
 {¶ 6} Effective September 21, 1995, R.C. 2953.21 was amended to provide that a petition under R.C. 2953.21(A)(1) "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication," or, if no appeal is taken, "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). However, defendants sentenced before the effective date of the statute do not have an unlimited time to file their petitions for post-conviction relief.
 {¶ 7} Rather, as stated by the court in State v. Moore, Pike App. No. 01CA674, 2002-Ohio-5748:
 {¶ 8} "[T]he General Assembly provided a different time limit for filing post-conviction relief petitions by those sentenced before September 21, 1995: `A person who seeks post-conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in Division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.' " Id. at ¶ 10, quoting Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7815, 7826.
 {¶ 9} In the present case, since defendant was sentenced on May 25, 1995, prior to the effective date of amended R.C. 2953.21, he had one year following September 21, 1995, in which to file his petition. Because defendant did not file his petition for post-conviction relief until April 29, 2002, the petition was not timely, and therefore "the trial court lacked jurisdiction to determine the issues raised in appellant's petition unless one of the exceptions to the time requirement within R.C.2953.23(A) applied." State v. Hayden (Dec. 6, 2001), Franklin App. No. 01AP-728.
 {¶ 10} R.C. 2953.23 states in relevant part:
 {¶ 11} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 12} "(1) Either of the following applies:
 {¶ 13} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 14} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 16} In his petition before the trial court, defendant argued that he was unable to file his petition in a timely manner because he is "developmentally disabled" and because he suffers from an "emotional mental illness," thereby preventing him from understanding the time requirements of the statute. The trial court found that defendant failed to show how his claimed deficiencies unavoidably prevented him from being aware of the time requirements of the statute.
 {¶ 17} In support of his claim that he was "developmentally disabled," defendant attached to his petition a copy of a "psychoeducational report," dated January 1, 1992, prepared by a Whitehall City School psychologist. In the report, the psychologist stated that defendant's "out-of-school behavior * * * suggest[s] [defendant] is currently functioning in the Developmentally Handicapped level of adaptive behavior." The psychologist also stated that defendant's performance on an evaluation of "visual-motor skills suggests his abilities in this area to be similar to those of an average 7 year old." Defendant also submitted a copy of a document titled "Notice of Hearing Administrative Control Placement," signed by a prison staff member on January 10, 2002. Defendant maintains that the document supports his contention that he is mentally ill.
 {¶ 18} Regarding defendant's contention that he is "developmentally disabled," the court notes that the report cited by defendant is dated more than three years prior to the time defendant entered his guilty plea, and thus does not address his mental status or competency at the time of his sentence or during the statutory time period under which he was required to file a petition for post-conviction relief. Further, defendant has not demonstrated how he was "unavoidably prevented" from discovering that he suffered from a developmental disability. See State v. Peeples (Dec. 30, 1998), Pickaway App. No. 98 CA 24 (" '[u]navoidably prevented from discovering the facts' connotes more than simply being unaware of facts * * *. The petitioner must demonstrate that the facts were unavailable and why"). Even assuming that defendant suffers from a developmental disability, the record contains no evidence as to how such disability hindered his ability to comply with the statutory requirements for bringing a petition for post-conviction relief. Nor does a claim of mental incompetence constitute a per se reason to toll a statute of limitations. See Hennington v. Johnson (Feb. 28, 2001), N.D.Texas No. 4:00-CV-0292-A (the mere fact petitioner may have suffered with mental ailments "before the entry of his guilty plea, and possibly thereafter, including the time of the one-year limitations period, is insufficient to show that his mental illness rendered him unable to pursue his legal rights during the relevant time period").[1]
Upon review, we agree with the trial court that defendant has failed to demonstrate that his claimed developmental handicap and mental illness unavoidably prevented him from being aware of the statutory time requirements for bringing a post-conviction petition.
 {¶ 19} Because the trial court lacked jurisdiction to consider defendant's petition, it was not required to hold an evidentiary hearing. Logan, supra. Based upon the foregoing, defendant's assignment of error is not well-taken and is overruled.
 {¶ 20} Accordingly, the judgment of the Franklin County Court of Common Pleas dismissing defendant's petition for post-conviction relief is hereby affirmed.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.
[1] Although not dispositive, the court notes that defendant's post-conviction record, including his thirty-five page handwritten brief filed with this court, does not support his allegation that he is unable to pursue legal rights due to mental illness. See, e.g., Smith v. Saffle (C.A.10, 2001), 28 Fed.Appx. 759, 760 (petitioner's allegation of mental incapacity insufficient to support tolling statute of limitations where party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity).