**Harold ROWE, Petitioner,**

v.

**State of MAINE, Respondent.**

**No. CIV.04–42–B–W.**

United States District Court,
D. Maine.

July 2, 2004.

bers may fear being individually identified

Harold Rowe, Thomaston, ME, Pro se.

Charles K. Leadbetter, Assistant Attorney General, Donald W. Macomber, Maine Attorney General's Office, Augusta, ME, for Maine State Prison, Defendant.

### *ORDER AFFIRMING RECOMMENDED DECISION*

WOODCOCK, District Judge.

Even if mental incapacity could equitably toll the one year statute of limitations for the filing of a § 2254 petition, Petitioner, Harold Rowe failed to prove his mental

with locally unpopular causes).

incapacity justifies the application of the doctrine of equitable tolling. Therefore, this Court affirms Magistrate Judge Kravchuk's Recommended Decision and dismisses the petitioner's § 2254 petition on the ground that it is untimely.

## I. Statement of Facts and Procedural History

Convicted of murder on April 15, 1983, Harold Rowe spent nearly twenty-one years in Maine State Prison before filing this § 2254 petition on March 30, 2004.[1] His timing was in one aspect fortuitous. On April 20, 2004, Magistrate Judge Kravchuk recommended that this Court dismiss the petition as untimely, relying on the one year statute of limitations set forth in § 2244(d)(1)(A).[2] (Docket # 4). In her Recommended Decision, Judge Kravchuk did not reach the question of whether the statute of limitations should be tolled due to Mr. Rowe's mental incapacity. As luck would have it, however, on May 4, 2004, the First Circuit decided *Neverson v. Farquharson*, holding for the first time that the doctrine of equitable tolling may apply under § 2244(d)(1) in appropriate cases. 366 F.3d 32 (1st Cir.2004). In his April 26, 2004 Objection to the Recommended Decision (Docket # 5),[3] Mr. Rowe claimed the statute of limitations should be tolled because he has been mentally incapacitated, a claim that under *Neverson* could arguably support the application of the doctrine of equitable tolling.[4]

## II. Discussion

### A. The Doctrine of Equitable Estoppel

The doctrine of equitable tolling provides that in exceptional circumstances, a statute of limitations may be extended for equitable reasons not acknowledged in the statute creating the limitations period. *Neverson*, 366 F.3d at 40 (quoting *David v. Hall*, 318 F.3d 343, 345–46 (1st Cir.2003)). In habeas petitions, *Neverson* cautioned equitable tolling should be invoked only sparingly and, under § 2244, only "as a narrow safety valve reserved from instanc-

**1.** Mr. Rowe appealed his conviction to the Maine Supreme Judicial Court. The Law Court's opinion, setting forth the facts underlying the conviction and its resolution of the issues on appeal, is found in *State v. Rowe*, 479 A.2d 1296 (Me.1984).

**2.** Magistrate Judge Kravchuk concluded Mr. Rowe had until April 24, 1997 to file the § 2254 petition, since § 2244(d)(1)(A) provides a one year statute of limitations and the state court determinations on Rowe preceded the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No 104–132, 110 Stat. 1214 (April 24, 1996).

**3.** Mr. Rowe also filed a series of supplemental objections to the Recommended Decision. *See* Docket # 6, 7, 8, 9.

**4.** Mr. Rowe did not clearly raise before Judge Kravchuk his claim that his mental incompetence should toll the statute of limitations. In his initial filing, he attached a copy of an Adjudication of Incapacity and Appointment of Public Guardian of Incapacitated Person from the Knox County Probate Court dated February 22, 1995 ("Adjudication of Incapacity"). The copy contains some handwriting that seems to challenge the Probate Court's determination. Based on what was before her, Judge Kravchuk interpreted the § 2254 petition as in part a challenge to the mental incapacity determination in the probate order. Judge Kravchuk stressed she was making no determination whether a § 2254 petition was a proper vehicle for challenging such a determination. After receiving the Recommended Decision, Mr. Rowe clarified his argument that his mental incompetence should toll the statute of limitations. Generally, the law does not allow this Court to consider issues not presented to the Magistrate Judge; however, in view of the ambiguity of the petition, the requirement that *pro se* pleadings be interpreted liberally, and the timing of the *Neverson* decision, this Court will reach the equitable tolling issue.

es of clear injustice." *Id.* at 42. (citing *Brackett v. United States*, 270 F.3d 60, 67 (1st Cir.2001)). The Court explained:

> [A]t a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time. In the habeas context particularly, care is required to avoid upsetting the strong concern for finality embodied in § 2254.

*Id.* (citations omitted).

■■■ Mental incompetence is not a *per se* reason to toll the statute of limitations, *Brown v. McKee*, 232 F.Supp.2d 761, 767 (E.D.Mich.2002); *see also, Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir.1993) ("We have declined to adopt an *absolute* rule of tolling on insanity grounds" (internal quotation omitted)), and the First Circuit has not yet addressed whether a habeas petitioner's mental incompetence during the period for filing can constitute "circumstances beyond the petitioner's control" that could call into play the application of equitable tolling. *Cf. Nunnally*, 996 F.2d at 4 (mental illness may be appropriate basis for tolling 30–day filing period set forth in Civil Service Reform Act) *and Lopez v. Citibank, N.A.*, 808 F.2d 905 (1st Cir.1987) (addressing whether mental illness can toll statute of limitations in employment discrimination suit). At least four circuits have addressed this issue in the context of the AEDPA. *Rios v. Mazzuca*, 78 Fed.Appx. 742, 743 (2nd Cir.2003) (unpublished opinion) (assuming, but not deciding, mental illness could qualify as "rare and exceptional" circumstance justifying equitable tolling); *Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir.2002) (unpublished opinion) ("The mental incapacity

of the petitioner can warrant the equitable tolling of the statute of limitations"); *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir.2001); *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir.1998), *abrogated on other grounds, Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). More generally, the courts which have recognized a statute of limitations exception for mental incapacity have limited the application of the doctrine of equitable estoppel to exceptional circumstances. *Smith v. Saffle*, 28 Fed.Appx. 759, 760 (10th Cir.2001) (unpublished opinion); *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir.1996); *Lopez* at 907 (concluding representation by counsel during period of alleged mental illness would make it unlikely statute of limitations should be tolled); *Moody v. Bayliner Marine Corp.*, 664 F.Supp. 232, 235 (E.D.N.C.1987) (recognizing mental incapacity may toll Title VII limitations period "in rare circumstances"); *Bassett v. Sterling Drug, Inc.*, 578 F.Supp. 1244, 1248 (D.C.Ohio 1984) ("[O]bjective standard of adjudication or institutionalization" required). The petitioner has the burden of showing his mental health problems rendered him unable to file a habeas petition during the one-year limitations period. *Brown*, 232 F.Supp.2d at 767. Further, the incapacity must prevent "the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them" *Id.* (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996)).[5]

## B. The Petitioner

■■■ There is scant evidence to establish the Petitioner was mentally incapacitated

---

**5.** In *Brown*, the petitioner claimed the limitations period should be equitably tolled because, in part, he was under the influence of psychotropic medication. *Id.* The court determined he was not entitled to equitable tolling because he failed to identify the mental illness for which he was being treated, his receipt of psychotropic medication weighed more in favor of his being able to function than not, and he filed several post-conviction motions and the § 2254 petition *pro se* while taking the medication. *Id.* at 768.

from understanding and acting to protect his legal rights from April 24, 1996 to April 24, 1997. The 1995 Adjudication of Incapacity sheds some oblique light on this narrow issue. In keeping with Maine law, the Adjudication of Incapacity was not a general guardianship; it was a limited public guardianship expressly circumscribed to making "medical decisions for the incapacitated person, including the authorization to administer involuntary medications," (*see* Petition (Docket # 1)). *See Guardianship of Boyle*, 674 A.2d 912 (Me. 1996); *Guardianship of Collier*, 653 A.2d 898 (Me.1995). To "help the incapacitated person to achieve the behavioral goals of stability and self reliance" (*See* Petition (Docket # 1)), the probate court ordered the public guardian to review Mr. Rowe's case annually and file a report of each review with the probate court. The Adjudication of Incapacity cites 18–A M.R.S.A. § 5–304 as its authority. Under § 5–304, the probate court is required to "encourage the development of maximum self reliance and independence of the incapacitated person and to make appointive and other orders only to the extent necessitated by the incapacitated person's actual adaptive and mental limitations...." Upon making the finding of incapacity under § 5–304, the probate court has the statutory authority to order a wide range of guardianship powers and duties. 18–A M.R.S.A. § 5–312. In this instance, however, the probate court limited the authority of the public guardian over Mr. Rowe to matters of medical consent; there is no indication the probate court granted the guardian the right to manage or act for Mr. Rowe in his non-medical affairs. The negative implication of the Adjudication of Incapacity is that Mr. Rowe was able to manage his own financial and personal affairs and the probate court needed only assure his continued use of recommended medication. Furthermore, it is at least as likely as not the administration of medication achieved the purpose envisioned by the Adjudication of Incapacity and Mr. Rowe resumed the state of "self reliance," (*See* Petition (Docket # 1)).

Other than the Adjudication of Incapacity itself, Mr. Rowe has failed to provide the Court with any information from which it can conclude he was mentally incapable of filing a habeas petition from April 24, 1996 to April 24, 1997. There is no the evidence of what the probate court considered in 1995, Mr. Rowe has not submitted medical or psychological records of his diagnosis or treatment, and the annual reports of the limited public guardian to the probate court are not before the Court. In sum, in simply attaching the Adjudication of Incapacity, Mr. Rowe has failed to sustain his burden of proof to demonstrate either his mental incapacity or its impact during the period the statute of limitations was running.

Finally, to the extent this Court can glean the state of his mental capacity, the record reflects Mr. Rowe has been capable of exercising his legal rights. In this Petition, Mr. Rowe explained his significant involvement in his own representation, from disapproving of his original attorney's decision to take a direct appeal of his 1983 conviction to incorporating an unnamed judge's recommendation that he wait until his sentence was lower before he sought review by a higher state court. While the Petitioner suggests his incapacity prevented him from "functioning mentally," (*see* Supplemental Objection at 5 (Docket # 6)), he also states he is now taking medication that enables him to do so.[6]

---

**6.** Then again, he also refers to his medication as hypnotic drugs. (*See* Objection at 1 (Docket # 5)).

The numerous legal actions he has initiated are also instructive on this issue. In his Objection, Mr. Rowe claims he has been incapacitated since 1983. (Objection at 1 (Docket # 5)). If so, this incapacity did not prevent him from filing a multitude of actions with this Court. In 1988 alone, Mr. Rowe filed 14 *pro se* actions: *Rowe v. O'Farrell*, Civil No. 88–40; *Rowe v. Dep't of Corrections*, Civil No. 88–41; *Rowe v. Dep't of Corrections*, Civil No. 88–42; *Rowe, et al. v. Perkins*, Civil No. 88–61; *Rowe v. Dep't of Correction*, Civil No. 88–62; *Rowe v. Beneman*, Civil No. 88–63; *Rowe v. Rowe*, Civil No. 88–73; *Rowe v. Dep't of Correction*, Civil No. 88–78; *Rowe v. Dep't of Corrections*, Civil No. 88–79; *Rowe v. Dep't of Corrections*, Civil No. 88–87; *Rowe v. Dep't of Corrections*, Civil No. 88–90; *Rowe v. Dep't of Corrections*, Civil No. 88–103; *Rowe v. Struck*, Civil No. 88–106; and *Rowe v. Maine*, Civil No. 88–204. Since the Adjudication of Incapacity in 1995, Mr. Rowe has filed at least three additional *pro se* actions in federal court: *Rowe v. Trophoni*, Civil No. 01–134–B–S; *Rowe v. Uffelman*, Civil No. 04–72–B–W; and *Rowe v. Maine*, this habeas petition.[7]

■ The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party seeking the tolling has been able to pursue his legal claims during the period of alleged incapacity. *Smith*, 28 Fed. Appx. at 760; *Brown*, 232 F.Supp.2d at 768; *Williams v. Price*, 2002 WL 551037, *5 (E.D.Mich. March 29, 2002). The Petitioner was able to pursue numerous legal actions and his present habeas petition both before and after the adjudication of incapacity. He has failed to present any probative evidence from which this Court can conclude that he suffered from a mental illness that prevented him from understanding and acting upon his legal rights during the filing period. Accordingly, he has failed to sustain his burden to demonstrate the doctrine of equitable tolling should be applied to his § 2254 petition.

### III. Conclusion

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, the Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision and as further set forth herein. The Recommended Decision is AFFIRMED and the Petition is DISMISSED.

SO ORDERED.

---

7. Mr. Rowe also claims to have initiated a suit against the state for social security benefits, which he purportedly settled over the telephone with a judge; settled a suit against the state for denial of access to a legal library for $14,000.00; and received a favorable decision in a civil suit "in Bangor" that he will pick up when he leaves prison, (*see* Supplemental Objection at 8 (Docket # 6)). The Court has been unable to verify any of these assertions.