FILED
United States Court of Appeals
Tenth Circuit

August 9, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARVELLE LAMONT ROBINSON,

Petitioner - Appellant,

v.

HAZEL PETERSEN,

Respondent - Appellee.

No. 22-3087
(D.C. No. 5:22-CV-03031-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Charvelle Robinson, a Kansas state prisoner proceeding pro se,[1] requests a

certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254

habeas petition. The district court's ruling is not reasonably debatable, so we deny a COA

and dismiss the appeal.

Robinson's state conviction became final on August 27, 2008. So by the time

Robinson filed his petition on February 13, 2022, the one-year limitations period set out

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Since Robinson is a pro se litigant, we liberally construe his filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had long since expired. *See* 28 U.S.C. § 2244(d).

Noting this, the district court ordered Robinson to show cause as to why his petition should not be dismissed as untimely. In response, Robinson argued that he was entitled to equitable tolling because of his mental-health issues. He also argued that his petition should not be deemed time-barred because he is actually innocent. Specifically, he contended that if the jurors had heard from two additional witnesses at trial, the outcome of his trial would have been different. He requested an evidentiary hearing on his actual-innocence argument.

The district court concluded that neither equitable tolling nor Robinson's claim of actual innocence extended the limitations period. With regard to equitable tolling, the district court noted that we have held that equitable tolling based on mental incapacity is not justified when "the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity." *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001). Robinson filed motions for relief in state court in April 2015 and March 2018 and appealed both denials of those motions. So, the district court concluded that there was "more than 365 days between August 27, 2008, and February 13, 2022, in which [Robinson] was mentally capable of pursuing his federal habeas claims." ROA at 87–88.

As for Robinson's actual-innocence argument, the district court noted that even if the two witnesses had testified at trial, the credibility and value of their testimony would have been undercut by conflicting evidence. Thus, the court was unconvinced that, after consideration of all the evidence, (including Robinson's two witnesses) Robinson had

2

met his burden in showing that any reasonable juror would have reasonable doubt about his guilt. ROA at 89–90. The court therefore dismissed his petition as untimely and denied a COA.[2]

To be entitled to a COA, Robinson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of Robinson's appellate brief and application for COA, the record, and the district court's thorough and well-reasoned order, we conclude that Robinson is not entitled to a COA. No reasonable jurist would deem Robinson's § 2254 petition as timely. And the record supports the district court's conclusion that Robinson failed to demonstrate entitlement to equitable tolling and failed to present evidence warranting application of the actual-innocence exception. We therefore deny his request for a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] The district court granted Robinson's motion to proceed in forma pauperis on appeal.

3